UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Clarence Hughes, III, | ) | C/A No.: 3:11-1279-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Karen Christine Ratigan, Assistant Attorney General of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Plaintiff, James Clarence Hughes, III.,(Plaintiff), a self-represented litigant, brings this action

pursuant to 42 U.S.C. § 1983.[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and

Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a detainee at the Anderson County Detention Center

and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed the Complaint in

accordance with applicable law, the court concludes that it should be summarily dismissed for

failure to state a claim upon which relief may be granted.

## Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made

of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C.

§ 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This

review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S.

_____

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319.

<u>Background</u>

The Complaint indicates that "Plaintiff was sentenced to 8 years in the S.C. Dept. Of Corrections" on March 6, 2003. ECF No. 1, page 3. Plaintiff has filed four applications for post-conviction relief (PCR), "in an attempt to have his illegal conviction overturned, but to no avail." *Id.* In Plaintiff's third PCR action, the Defendant, Assistant South Carolina Attorney General Karen Christine Ratigan, allegedly "failed/refused to file a proper return on all issues and chose to manipulate the 3rd PCR by twisting the Plaintiff's words." *Id.* "The Defendant's manipulation of this PCR caused the Chief Administrative Judge (John C. Few) to dismiss the 2008 PCR without reading it at all." *Id.* Defendant Ratigan apparently represented the State of South Carolina in Plaintiff's fourth PCR as well. *Id.* at 3-4. Plaintiff states that the "Defendant, in her Return and Motion to Dismiss, chose again to manipulate the 2009 PCR by making it look as though [Plaintiff]

2

had raised a defective indictment under Subject Matter Jurisdiction when actually he raised the contradiction issue under Subject Matter Jurisdiction." *Id.* at 4. Plaintiff's fourth PCR action was also dismissed. *Id.* Plaintiff seeks "FULL ACQUITTAL along with Compensatory and Punitive Damages" for the Defendant's "obvious Manipulation of [Plaintiff's] past PCR's."[2] *Id.* at 5.

### Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendant Ratigan is immune from liability under § 1983 in this case. In *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." The prosecutorial immunity established in *Imbler*

---

[2]Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Thus, to the extent Plaintiff seeks acquittal, such relief is unavailable under 42 U.S.C. § 1983.

extends to post-conviction proceedings, such as appeals and habeas corpus proceedings. *See Houston v. Partee*, 978 F.2d 362, 365 (7th Cir.1992) (recognizing "substantial case law granting absolute immunity for acts done in various post-conviction proceedings"); *Bruce v. Wade*, 537 F.2d 850 (5th Cir.1976) (challenges to conviction protected by the immunity doctrine). *See also Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir.1979)(prosecutorial immunity extends to appeals). The instant Complaint alleges that Defendant Ratigan failed to file a proper return and manipulated or twisted Plaintiff's words so that he would be unsuccessful in his attempts to seek PCR relief. As Defendant Ratigan's filing of pleadings and presentation of the State's case during Plaintiff's PCR action fall within the scope of her duties as an Assistant Attorney General for the State of South Carolina, this Defendant has absolute immunity from Plaintiff's claim for damages under § 1983. Therefore, Defendant Ratigan is entitled to summary dismissal from the instant action.

Recommendation

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed without prejudice.

Joseph R. McCrorey
United States Magistrate Judge

June 24, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).